**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**ARISTIDES CHAVEZ MARTINEZ**                  **DOCKET NO. 1:26-cv-00742**
                                                                            **SECTION P**

**VERSUS**                                                        **JUDGE JAMES D. CAIN, JR.**

**PAM BONDI, ET AL**                                      **MAGISTRATE JUDGE LEBLANC**

**ORDER**

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Aristides Chavez Martinez on March 9, 2026.  Doc. 1.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently incarcerated at the LaSalle ICE Processing Center in Trout, Louisiana.  Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and requests immediate release from detention.

A review of his petition and attachments suggests that his claims should survive this court's initial review. Accordingly, for the court to determine an appropriate resolution to his claims,

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition [doc. 1], and a copy of this order by certified mail on the on the United States through the United States Attorney for the Western District of Louisiana, the United States through the United States Attorney General, U.S. Immigration and Customs Enforcement (DHS/ICE)-Office of General Counsel, and the Warden of the LaSalle ICE Processing Center in Trout, Louisiana.

**IT IS ORDERED** that Respondents file an answer to the petition within sixty (60) days following the date of service. In the answer, Respondents shall provide the Court with summary

judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future or whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in post-removal-order custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law. The memorandum should also address whether there is a significant likelihood of removing Petitioner from the United States in the reasonably foreseeable future.

**IT IS FURTHER ORDERED** that Petitioner will be given thirty (30) days following the filing of Respondents' answer to produce contradictory summary judgment evidence[1] on the issue of the lawfulness of his detention.

Petitioner's failure to comply with this order or to notify the court of any change in his address will result in a recommendation that his petition be dismissed without prejudice under LR 41.3.

THUS DONE AND SIGNED in chambers this 27th day of April, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

---

[1]Summary judgment evidence consists of affidavits or unsworn declarations made in accordance with 28 U.S.C. § 1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified copies of all papers referred to. All affidavits or unsworn declarations must comply with Rule 56(e). They shall be made on personal knowledge and set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.